# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DREW MARTIN,  Plaintiff, vs. COUNTY OF SAN DIEGO, et al.,  Defendants. | CASE NO. 11cv91-MMA (RBB)  **ORDER RE: DEFENDANT STEPHANIE BUCHERT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**  [Doc. No. 5] |
|---|---|

Plaintiff Drew Martin filed the above-captioned civil rights action against Defendants San Diego County, San Diego County Deputy Sheriffs Hardy and Navarro, and Stephanie Buchert, M.D, alleging violations of his Eighth Amendment right to be free from cruel and unusual punishment and related state law claims. Defendant Buchert moves the Court to dismiss Plaintiff's claims against her. Plaintiff filed an opposition to the motion, to which Defendant Buchert replied. The Court took the motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

On or about October 27, 2009, Plaintiff was arrested and booked on charges of violating California Health and Safety Code section 11379(a), a drug related offense.[1] On March 26, 2010, the San Diego County District Attorney filed a criminal complaint against Plaintiff based on the

---

[1] Because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

1  charge. On May 12, 2010, Plaintiff was booked into the San Diego County jail system. The next
2  day he was transferred to the Vista Detention Facility, where he was housed in the general
3  population until approximately July 11, 2010, when he was transferred to the administrative
4  segregation unit ("ASU"). Plaintiff does not know why he was transferred to the ASU, as he has no
5  arrests or convictions for violent behavior and was not disciplined while housed in general
6  population.

7  While housed in the ASU, Plaintiff encountered a fellow inmate, Joaquin Martinez.
8  Martinez was charged with murder, had known mental health problems, and was taking prescribed
9  anti-psychotic medication. Martinez behaved bizarrely and threatened Plaintiff, prompting Plaintiff
10 to submit a grievance form on September 9, 2010 advising the staff psychiatrist, Defendant Buchert,
11 of Martinez's increasingly aggressive and hostile behavior. Several days later, Buchert informed
12 Martinez that Plaintiff had submitted a grievance about him. Plaintiff overheard the conversation
13 between Martinez and Buchert. Martinez also confronted Plaintiff directly with the information.
14 Plaintiff immediately complained about the situation to Defendant Hardy, who ignored his
15 complaint.

16 On September 19, 2010, Plaintiff approached Defendant Hardy again and requested a
17 transfer away from Martinez. Another inmate had also complained about Martinez's threatening
18 behavior, and that inmate was moved to another cell for protection. Defendant Hardy advised
19 Plaintiff that he could not be moved at that time. Three days later, Martinez entered Plaintiff's cell
20 and stabbed Plaintiff three times in the abdomen/torso and slashed Plaintiff's face. Plaintiff pressed
21 the emergency button, but no deputies responded. Plaintiff exited his cell to seek medical attention.
22 When he encountered the deputies, they tackled him to the ground and aggravated his wounds.

23 Plaintiff was evacuated to the trauma center at Scripps Memorial Hospital for surgery. Upon
24 discharge, Plaintiff received instructions regarding the self-monitoring of his condition, including
25 possible infection. Plaintiff was not allowed to recuperate in the hospital. He was returned to
26 custody and taken to Central Jail, where he spent a few hours in the medical unit and was then
27 transferred to the ASU. Several hours later, he vomited with traces of blood. Deputies ignored his
28 requests for medical attention for at least three hours. Eventually he was taken to the medical unit

1  and housed there for a week before being transferred back to the ASU.

2  On January 7, 2011, the San Diego County District Attorney filed a felony complaint against Martinez based on his assault on Plaintiff. Martinez is charged with attempted murder, assault with a deadly weapon by a prisoner, and possession of a deadly weapon at a penal institution.

5  Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights by the County of San Diego, Defendant Buchert, and two individually named San Diego County Deputy Sheriffs. The County and Deputy Sheriffs answered Plaintiff's allegations. Defendant Buchert moves to dismiss Plaintiff's claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). Buchert also moves to strike Plaintiff's claim against her for punitive damages under Rule 12(f).

**DISCUSSION**

*1.    Legal Standard*

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. *See Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633 (1999). "The old formula – that the complaint must not be dismissed unless it is beyond doubt without merit – was discarded by the *Bell Atlantic* decision [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007)]." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S.__ , 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (citing *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003)); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

*2.     Analysis*

  a) <u>State Action</u>

As a threshold matter, Defendant Buchert argues that she did not act under color of state law sufficiently to trigger potential liability under Section 1983. She acknowledges that a private physician or hospital that contracts with a public prison system to provide treatment for inmates performs a public function and acts under color of state law for purposes of Section 1983. *See West v. Atkins*, 487 U.S. 42, 56 n. 15, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). However, she argues that she is not a proper defendant in this action because she is a private physician who provided care to a third party – not Plaintiff himself – and therefore she owed no state duty to Plaintiff directly. Because she owed Plaintiff no state-imposed duty, Buchert argues she should not be considered a state actor. Buchert's argument misses the mark.

In her capacity as a private physician treating inmates, Defendant Buchert clearly performs a public function, and is "endowed by the State with powers or functions governmental in nature" and therefore is subject to the "constitutional limitations" placed upon the State. *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (citing *Lee v. Katz*, 276 F.3d 550, 553-54 (9th Cir.2002) (internal quotation marks omitted)). As such, Buchert is subject to potential liability under Section 1983 if she violates the constitutional rights of an inmate while performing the functions endowed upon her by the State. There is no question that she qualifies as a state actor. The only question is whether Plaintiff has stated a plausible claim for relief against her. Whether Buchert owed Plaintiff a duty of care goes to the plausibility of his claims, but does not bear upon her status as a state actor.

  b) <u>Eighth Amendment Claims</u>

    i. *Failure to Protect*

Plaintiff alleges that Defendant Buchert violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from a violent fellow inmate. Defendant Buchert argues that this claim should be dismissed because Plaintiff fails to allege sufficient facts to demonstrate that she acted with deliberate indifference to his health or safety.

Prison officials are required to take reasonable measures to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). To state a claim for failure to protect, an inmate

must allege facts supporting that he was incarcerated under conditions posing a substantial risk of harm and that jail officials were "deliberately indifferent" to the inmate's safety. *Farmer*, 511 U.S. at 834; *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant official knew of an excessive risk to inmate safety, but disregarded the risk. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Redman*, 942 F.2d at 1442.

Plaintiff alleges he submitted a prison grievance form to Defendant Buchert warning her that a fellow inmate, Martinez, was becoming increasingly aggressive and hostile to the other inmates in the administrative segregation unit, particularly to Plaintiff. Plaintiff further alleges that several days later he overheard Buchert informing Martinez that he had been the subject of a grievance filed by Plaintiff. Plaintiff claims that Buchert disregarded the risk to Plaintiff when she disclosed to Martinez that Plaintiff had filed a grievance against him. However, Plaintiff fails to allege facts showing that Buchert knew of and disregarded an excessive risk to his health or safety. Plaintiff's allegation that he informed Buchert in his grievance of Martinez's threatening behavior does not demonstrate that Buchert knew that informing Martinez of Plaintiff's concerns during a physician-patient consultation would cause an excessive risk to Plaintiff's safety. Furthermore, to the extent Plaintiff advised Buchert of Martinez's behavior and threats, verbal harassment or abuse alone is not sufficient to state a constitutional deprivation, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Thus, Plaintiff fails to state a plausible Eighth Amendment claim for failure to protect against Defendant Buchert and the Court **DISMISSES** this claim.[2]

### ii. Medical Needs

Plaintiff brings several other causes of action against all individual defendants in this case, including an Eighth Amendment claim for deliberate indifference to his medical needs. "[T]o

---

[2] For these same reasons, Plaintiff also fails to allege a plausible state law claim for failure to protect against Buchert. Thus, the Court **DISMISSES** his first and second claims for relief against Defendant Buchert.

maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Plaintiff fails to allege a plausible claim against Defendant Buchert for deliberate indifference to his medical needs. Plaintiff bases this claim on the allegedly inadequate care he received for his stab wounds and surgical aftercare. Under Section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff does not allege that Defendant Buchert personally treated his wounds or participated in his medical care after the stabbing. Thus, the Court **DISMISSES** Plaintiff's third claim for relief against Defendant Buchert.[3]

          c)        State Law Claims

Plaintiff also brings state law causes of action against Defendant Buchert for negligence (sixth and seventh claims for relief) and for damages pursuant to California Civil Code § 52.1(b) (eighth claim for relief). Because Plaintiff's Section 52.1(b) claim is predicated upon his allegations that Defendant Buchert violated his federal and state constitutional rights, which the Court has found deficient, this claim fails and the Court **DISMISSES** Plaintiff's eighth claim for relief against Defendant Buchert.

With respect to Plaintiff's claims for negligence, Defendant Buchert does not challenge the adequacy of these claims but simply avers that these claims belong in state court. The Court construes this bare assertion as a request that the Court choose not to exercise its supplemental

---

[3] For these same reasons, Plaintiff also fails to allege a plausible state law claim for failure to provide immediate necessary medical care against Defendant Buchert. Thus, the Court **DISMISSES** his fourth claim for relief against Defendant Buchert.

jurisdiction over these claims.

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," with specific exceptions. "[O]nce judicial power exists under Section 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). In this instance, Plaintiff is proceeding on his federal claims against the other defendants, who answered his allegations. At this juncture, the Court shall exercise supplemental jurisdiction over Plaintiff's state law claims for negligence against Defendant Buchert as they form part of the same case or controversy as Plaintiff's federal claims against the other defendants. Thus, the Court **DENIES** Defendant Buchert's motion to dismiss Plaintiff's sixth and seventh claims for relief against her on these grounds.

### d)     Punitive Damages

Finally, Defendant Buchert argues that Plaintiff's prayer for punitive damages against her should be stricken because Plaintiff fails to plead sufficient facts to demonstrate that Buchert acted with oppression, fraud, malice, or recklessness. *See College Hospital Inc. v. Sup. Ct.*, 8 Cal.4th 704, 725 (1994). Federal Rule of Civil Procedure 12(f) states that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, pursuant to the Ninth Circuit's recent holding in the *Whittlestone* case, it is inappropriate to strike claims for damages under Rule 12(f). *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 971 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). Defendant Buchert is challenging the sufficiency of Plaintiff's claim for punitive damages, and therefore the "proper medium" for doing so "is through Rule 12(b)(6) not Rule 12(f)." *Consumer Solutions Reo, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020 (N.D. Cal. 2009).

In order to state a prima facie claim for punitive damages, Plaintiff must set forth the elements as stated in the general punitive damage statute, California Civil Code section 3294. These

statutory elements include allegations that the defendant has been guilty of oppression, fraud or malice. *See* Cal. Civ. Code, § 3294, subd. (a). To prove malice, Plaintiff must show Defendant Buchert's conduct was despicable, or circumstances that are "base," "vile" or "contemptible." *Id.* ("The statute plainly indicates that absent an intent to injure the plaintiff, . . . the additional component of 'despicable conduct' must be found."); *see also* Cal. Civ. Code § 3294(c). "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." *Id.*, subd. (c)(2). "'Fraud' is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.*, subd. (c)(3).

Plaintiff fails to state facts sufficient to support his allegation that Defendant Buchert acted with malice, oppression, or fraud. Plaintiff argues that the punitive damages allegations are adequately pled, relying primarily on the underlying facts associated with his Eighth Amendment claims. However, the Court has determined Plaintiff fails to state a plausible constitutional claim against Buchert. And the facts as pled against Defendant Buchert for negligence do not rise to the level of malice, oppression, or fraud necessary under Section 3294 to state a claim for punitive damages. Therefore, the Court **DISMISSES** Plaintiff's claim against Defendant Buchert for punitive damages.

## CONCLUSION

Based on the foregoing, Defendant Stephanie Buchert, M.D.'s motion to dismiss Plaintiff's claims against her is **GRANTED IN PART** and the Court hereby dismisses with prejudice Plaintiff's first, second, third, fourth, and eighth claims against Defendant Buchert, as well as Plaintiff's claim against Defendant Buchert for punitive damages. The motion is **DENIED IN PART** and the Court retains supplemental jurisdiction over Plaintiff's sixth and seventh claims against Defendant Buchert.

**IT IS SO ORDERED**.

DATED: May 10, 2011

Hon. Michael M. Anello
United States District Judge