**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DREW MARTIN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>                    Defendant. | CASE NO. 11cv91-MMA (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD**<br><br>[Doc. No. 35] |

This civil rights action is currently before the Court on the motion of counsel for Plaintiff Drew Martin to withdraw as attorney of record. The motion is unopposed. For the reasons set forth below, the Court **GRANTS** the motion.

An attorney may not withdraw as counsel except by leave of court, *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992), and "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also* CIV. L.R. 83.3(g)(3). Withdrawal is governed generally by the California Rules of Professional Conduct. *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

///
///
///

An attorney seeking to withdraw must adhere to the requirements of California Rule of Professional Conduct 3-700(A)(2), which provides:

> A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D) [which addresses the disposition of client papers and property], and complying with applicable laws and rules.

In addition to serving Defendants and Plaintiff with the motion, Plaintiff's counsel also provided a courtesy copy to Plaintiff's parents. Plaintiff's counsel has fulfilled the notice requirement of Rule 3-700(A)(2).

Plaintiff's counsel moves to withdraw based on his client's failure to pay the full amount of fees owed for services rendered and expenses incurred during the course of this litigation. *See Rutman Decl'n*, 1-2. California Rule of Professional Conduct 3-700(C)(1)(f) provides that an attorney may request permission to withdraw if the client "breaches an agreement or obligation to the member as to expenses or fees." According to Plaintiff's counsel, his client has been unable to comply with their fee agreement for some time, resulting in Plaintiff's counsel advancing approximately $6,000 of his own funds to cover expenses related to this litigation. *See Rutman Decl'n*, 2-3. Plaintiff's counsel deferred the payment of fees to allow his client additional time to reimburse expenses and comply with the fee agreement, to no avail. *Id.* at 2. On September 12, 2011, Plaintiff was arrested on charges of drug possession and distribution, and thereafter entered into a plea agreement which anticipates a seven year stipulated prison term. *Id.* at 3. Plaintiff's ability to comply with the fee agreement or otherwise cover the expense of this litigation is now further constrained due to his incarceration.

The Court finds that Plaintiff's counsel has complied with the applicable rules of professional conduct and demonstrated that good cause exists for his withdrawal as attorney of record. Accordingly, the Court **GRANTS** the motion to withdraw, effective as of the date this Order is filed. **The Court advises Plaintiff that he is now proceeding in this matter *pro se* and must provide the Court with his current contact information, including mailing address**.

///

///

1 | As soon as practicable, and in compliance with California Rule of Professional Conduct 3-700(D), Plaintiff's counsel shall provide Plaintiff with copies of any documents in his possession that Plaintiff may need to litigate his case, as well as a copy of this Order and the Court's Order Providing Notice to *Pro Se* Prisoner of Requirements for Opposing Summary Judgment, to be issued contemporaneously herewith.

**IT IS SO ORDERED**.

DATED: January 10, 2012

Hon. Michael M. Anello
United States District Judge